CAROLINE FISHER *versus* FRANCIS SHATTUCK *et al.*

Under *St.* 1785, *c.* 66, § 2, [Revised Stat. *c.* 49, § 1,] providing for the maintenance
of bastard children, if the warrant issued by the justice of the peace to whom the
complaint is made against the party accused, be returned before another justice, and
such other justice require the party accused to give bond to answer to the com-
plaint before the Court of Common Pleas, and order him to be held in custody till
such bond is given, the bond will be void, as given under duress, as against both
the principal and the surety.

In an action upon such bond, in which the obligor pleaded the duress, it was proved that
the obligor appeared at the court in compliance with the bond, but did not plead
*to the complaint, and that the proceedings were continued because the child was not*
then born    It was *held*, that such appearance was not equivalent to a waiver of the
duress ; but that if it were, the plaintiff could not take advantage of it, unless it
was set forth in her replication, as avoiding the plea of duress.

THIS was an action of debt on a joint bond given by the
defendants, the one as principal, and the other as surety, upon

a complaint made by the plaintiff, under the *St.* 1785, *c.* 66, charging the principal as the father of her bastard child.

The bond and condition having been set out on oyer, the defendants pleaded, 1. *Non est factum*; and 2. Duress of the principal. To this plea the plaintiff replied, setting forth that she made her complaint before Caleb Butler, Esq., a justice of the peace, who issued his warrant, &c., and that the principal was brought before Amos Bancroft, Esq., another justice of the peace of the same county, who ordered him to give bond with surety to answer to the complaint at the next term of the Court of Common Pleas, and to be held in custody till such bond was given, and traversing the unlawful imprisonment. The defendants demurred generally.

There was also a plea of *omnia performaverunt*, to which there was a replication and demurrer.

The defendant appeared at the Court of Common Pleas, but did not plead, and the proceedings were continued by the order of the court, the child not being then born.

*Farley*, for the defendants, to the point, that, as this was a case not according to the course of the common law, the provisions of the statute must be substantially complied with, in order to give the Court of Common Pleas jurisdiction, cited *Smith* v. *Rice*, 11 Mass. R. 510 ; *Baxter* v. *Taber*, 4 Mass. R. 367 ; *Coffin* v. *Tracy*, 3 Caines's R. 129 ; *Hall* v. *Young*, 3 Pick. 80 ; and that if the principal was under duress, the surety was discharged, *Huscombe* v. *Standing*, Cro. Jac. 187.

*Oct.* 14th.

*Hoar* and *Russell*, for the plaintiff, to the point, that the bond was not given by the principal under duress, the magistrate by whom he was required to give such bond, having authority so to do, cited Anc. Charters, 239 ; *Hill* v. *Wells*, 6 Pick. 104 ; Davis's Just. 26, 40, 229 ; *St.* 1783, *c.* 51 ; that the surety would not be discharged, if the bond was given by the principal under duress, 2 Bac. Abr. *Duress, B* ; that the taking of the bond by the justice was a mere ministerial act, and was not necessary in order to give the Court of Common Pleas jurisdiction, *Mariner* v. *Dyer*, 2 Greenl. 165.

SHAW C. J. delivered the opinion of the Court. This case was argued at the last term, and upon consideration the

*April term 1836.*

opinion of the Court is, that the plea of *duress* is a good bar for both the defendants.

The proceedings on this statute are in some respects anomalous ; they are wholly founded upon statute, and they must therefore pursue the statute strictly and be controlled and governed by its provisions.

The justice of the peace to whom the complaint is made is authorized to issue his warrant to bring the party complained of, before him ; he alone has the examination which is the basis of the proceedings, and there is no authority in the statute for returning such warrant before another magistrate. This may often be attended with inconvenience, as where the magistrate, taking the examination and issuing the warrant, is absent, sick, or out of office, when it is returned ; but the consideration of inconvenience cannot supply the want of authority, when the statute has not conferred it. No justice of the peace, other than the one who took the examination and issued the warrant, having authority to require the party arrested to give bond, such magistrate has no jurisdiction of the subject matter or of the parties. The order requiring the party to give bond was void ; the order to hold the defendant in custody till he gave bond, was erroneous and void ; and therefore the bond was given under duress. It was argued on the hearing, that the appearance of the defendant at the court, and the order of the court continuing the proceedings to an ensuing term, were a waiver of the duress, if any, and that by the force and effect of the statute, this bond acquired a new efficacy in the nature of a recognizance ; but if the bond was void for duress, the Court are of opinion that the mere appearance of the obligor at the court, there being no plea, no act submitting to the jurisdiction of the court, but a simple continuance to a succeeding term because the child was not then born, did not amount to a waiver, and that the statute did not operate to give it a continued validity ; and that the statute can only be construed to have this application to a bond taken pursuant to its provisions. But there is another objection to this argument, which is, that the appearance and proceedings in the Court of Common Pleas are not set forth in the replication, and relied upon, as rebutting the matter of the

p.ea. The Court are therefore of opinion, that the plea in bar is. good, that the replication does not avoid 't, and that there must be judgment for the defendants.